UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIBERTY MUTUAL FIRE                                  CIVIL ACTION
INSURANCE COMPANY

VERSUS                                               NO. 15-5987

FORD MOTOR COMPANY                                   SECTION "R" (4)

# ORDER AND REASONS

Defendant Ford Motor Company removed plaintiff's state-court action on November 17, 2015. Plaintiff Liberty Mutual Fire Insurance Company now moves the Court to remand the action. For the following reasons, the Court denies the motion.

## I.  BACKGROUND

This action arises out of the allegedly spontaneous combustion of Scott Gautreaux's Ford Expedition in July 2014. While Gautreaux's Expedition was parked in his garage, it caught on fire, damaging the vehicle and Gautreaux's home. As Gautreaux's insurer, Liberty Mutual paid him certain policy proceeds for the damages he incurred as a result of the fire.[1]

---

[1] *See generally* R. Doc. 1-1 (Petition for Damages).

Liberty Mutual then filed this Louisiana products liability action against Ford in Louisiana's Twenty-Fourth Judicial District Court for the Parish of Jefferson on June 2, 2015.[2] At the time of filing, Liberty Mutual directed the state court to withhold service. According to Liberty Mutual, on July 1, 2015, it requested the Clerk of Court to serve Ford formally.[3] Sometime in August, Liberty Mutual attempted to engage in discovery with Ford, which notified Liberty Mutual that it had not been served.[4] On September 21, 2015, Liberty Mutual again asked the Clerk of Court to formally serve Ford. Ford still was not formally served. Nonetheless, Ford and Liberty Mutual communicated informally, via letter and e-mail, about Gautreaux and his allegedly defective vehicle.[5]

On October 6, 2015, four months after filing its petition for damages, Liberty Mutual asked the Clerk of Court for the third time formally to serve Ford. According to Liberty's Mutual correspondence with the Twenty-Fourth Judicial District Court, the Clerk never received Liberty Mutual's two

---

[2]   *Id.*

[3]   R. Doc. 19-3 at 1.

[4]   R. Doc. 11-8 at 1-2.

[5]   *See* R. Docs. 11-6, 11-7, 11-8, 11-9.

earlier requests for service.[6] The Clerk finally issued formal service of process on Ford, through its registered agent, on October 15, 2015.[7] The registered agent received service on Ford's behalf on October 21, 2015.[8]

After receiving service, Ford answered Liberty Mutual's petition for damages in state court on November 2, 2015.[9] Ford also sent Liberty Mutual certain discovery requests on November 13, 2015.[10] Two days later, on November 17, 2015, Ford removed the action to this Court.[11]

Liberty Mutual now moves the Court to remand the case.[12] Liberty Mutual argues that Ford untimely removed the action under the thirty-day deadline after receiving service of the initial pleading in 28 U.S.C. § 1446. Liberty Mutual contends that Ford received two copies of the petition for damages—in July and September 2015—but did not remove until November 2015. Liberty Mutual also argues that Ford waived its right to remove by

---

[6]   R. Doc. 19-3.

[7]   R. Doc. 14-3 at 1.

[8]   R. Doc. 14-4 at 1.

[9]   R. Doc. 14 at 3 ¶ 13.

[10]  R. Doc. 11-10.

[11]  *See generally* R. Doc. 1.

[12]  R. Doc. 11.

answering the petition in state court and by sending Liberty Mutual a discovery request.[13]

## II.   DISCUSSION

Section 1446 of Title 28 of the United States Code imposes a thirty-day time period for removing a state-court action.  The statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  Thus, under § 1446, a formal summons is crucial.  As the Supreme Court explains, "a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).  Accordingly, a defendant's thirty-day removal period is triggered by either "simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons . . . ."  *Id.*  "[M]ere receipt of the complaint" or "actual notice of the complaint through informal channels"

---

[13]   *See generally* R. Doc. 11-1.

does not commence the removal period. *Id.*; *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005).

Here, records from the Twenty-Fourth Judicial District Court reflect that Ford received formal service of process, and thus was brought under the court's authority, on October 21, 2015. In addition, under Louisiana law, the person effectuating service must also deliver a certified copy of the petition. *See* La. Code Civ. Proc. art. 1202. Accordingly, this is the earliest day on which Ford's thirty-day removal period could have begun. Nothing in the record supports Liberty Mutual's argument that Ford previously received a copy of the petition in July or September. Indeed, according to Liberty Mutual's own documentation, none of its correspondence to Ford purported to include the petition for damages, and the Twenty-Fourth Judicial District Court Clerk never received Liberty Mutual's July or September requests for formal service. Regardless, "mere receipt of the complaint" or "actual notice of the complaint through informal channels" does not commence the removal period. *Murphy Bros.*, 526 U.S. at 347-48; *City of Clarksdale*, 428 F.3d at 210. Because Ford was formally served on October 21, 2015, its November 17 notice of removal was timely under 28 U.S.C. § 1446.

Liberty Mutual's argument that Ford waived its right to remove also fails. "A waiver of the right to remove must be clear and unequivocal."

*Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003). A party maintains its right to remove even though it has participated in state court proceedings, as long as the party has not sought adjudication on the merits. *See id.* Thus, "appearing in court, filing an answer, . . . or filing other preliminary and non-dispositive motions" are not sufficient acts from which to infer that a party waived its right of removal. *Biggers v. State Farm Mut. Auto. Ins. Co.*, No. 92-2004, 1992 WL 266166, at *2 (E.D. La. 1992) (collecting cases). Before removing this case, Ford filed an answer in state court and sent discovery requests to Liberty Mutual. Neither action sought disposition of the case on its merits. Therefore, Ford did not waive its right of removal, and its removal was proper. *See Demourelle v. Bond*, No. 99-0558, 1999 WL 203269, at *1 (E.D. La. 1999) (answering and participating in discovery does not amount to waiver); *Gallo v. Elmotores, Inc.*, No. 98-1986, 1998 WL 661485, at *1 (E.D. La. 1998) (same); *Thomas v. Am. Honda Motor Co.*, No. 93-3005, 1993 WL 476567, at *1 (E.D. La. 1993) (same).

Accordingly, the Court denies Liberty Mutual's Motion to Remand.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff Liberty Mutual's Motion to Remand.

New Orleans, Louisiana, this 12th day of February, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE