UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO:     15-5987 |
| FORD MOTOR COMPANY, ET AL | SECTION: "R" (4) |

### ORDER

Before the Court is a **Motion for Sanctions (R. Doc. 46)** filed by the Defendant seeking an order from the Court sanctioning the Plaintiff. The motion is opposed. R. Doc. 48. Also before the Court is a **Motion to Continue Hearing (R. Doc. 52).** The motion was submitted on December 7, 2016 and heard with argument that same day. For the following reasons, the Motion for Sanctions is **GRANTED IN PART AND DENIED IN PART**.

**I.    Background**

The matter was removed to this Court on November 17, 2015 from the 24th Judicial District Court for the Parish of Jefferson. R. Doc. 1. Liberty Mutual Fire Insurance Company ("Plaintiff") was the insurance provider for Scott Gautreaux in July of 2014. On July 23, 2014, a fire ignited under the hood of Mr. Gautreaux's 2000 Ford Expedition while it was parked in Mr. Gautreaux's garage. R. Doc. 1-1, p. 2. The fire caused damage to the vehicle, property, and its contents. *Id.* Pursuant to Mr. Gautreaux's insurance policy, the Plaintiff paid proceeds to Mr. Gautreaux for the damages suffered resulting from the fire and is subrogated to Mr. Gauxtreaux's rights. *Id.* at p. 2-3. As such, the Plaintiff filed a claim against Ford Motor Company ("Defendant") under the Louisiana Product Liability Act against the Defendant as manufacturer of the vehicle. *Id.* at p. 3. The Plaintiff seeks $215,271.34 in damages in addition to court costs incurred, interest accrued, and expert fees. *Id.* at p. 4.

On April 6, 2016, a discovery conference was held before the undersigned with the parities after a request was made by the Defendant (R. Doc. 23). During that conference, the parties and

1

the Court discussed a problem with the (then set) trial date; problems with discovery, namely the deposition of Mr. Gautreaux; and need for Plaintiff's counsel to work with Defendant's local counsel rather than Defendant's national counsel. R. Doc. 46-19. During that conference, the parties agreed under the Court's guidance to schedule Mr. Gautreaux's deposition within two weeks of the conference. *Id.* at p. 6-8.

Following that conference, the Defendant alleges that it finally received a date for the deposition of Mr. Gautreaux and his wife Nicole Gautreaux on April 13, 2016 and April 14, 2016, respectively. R. doc. 46-1, p. 4. The depositions of Mr. and Mrs. Gautreaux were noticed for April 21, 2016. *Id.* Defendant further alleges that the Plaintiff cancelled the deposition of Mr. Gautreaux on April 20, 2016 at 3:48 P.M. and also cancelled the deposition of Mrs. Gautreaux on April 21, 2016. *Id.* The Defendant then requested new dates within the next month, but the Plaintiff did not respond. The Defendant states that it made similar requests on September 7, 2016 and September 20, 2016 to no avail. *Id.*

Additionally, the Defendant complains that the Plaintiff also unilaterally cancelled the noticed deposition of the Mark Hoffman, an in-house engineer for the Defendant. *Id.* at p. 5. The Defendant states that on April 19, 2016 the Plaintiff requested deposition dates for Hoffman, which the Defendant provided on April 22, 2016. On April 28, 2016, the Plaintiff selected May 12, 2016 for the date of deposition and inquired about conducting the deposition in Louisiana. *Id.* On May 2, 2016, the Defendant informed the Plaintiff that the deposition would have to occur Michigan pursuant to Federal Rule of Civil Procedure 45(c)(1). *Id.* On May 4, the Defendant confirmed the deposition date with the Plaintiff. *Id.* at p. 6. On May 9, 2016, the Plaintiff noticed the deposition to take place on May 12, 2016 in Michigan. *Id.* On May 11, 2016, the Defendant states that it received a request for Hoffman's CV and expert report. The Defendant provided the CV but did not provide a report because: 1) Hoffman had not inspected the vehicle or rendered a report; and

2) Hoffman had not been disclosed as an expert in this case because the deadline to disclose experts had not passed. At 4:06 P.M. on May 11, 2016, the Plaintiff cancelled the deposition of the Hoffman. *Id.* The Defendant responded that counsel was already in Michigan and that the deposition would need to procced. *Id.* The Plaintiff did not attend the deposition. *Id.*

Moreover, the Defendant also questions whether the Plaintiff ever intended to attend the deposition. *Id.* at p. 8. The Defendant has provided an affidavit from the hotel's Catering and Sales Manager at Airport Westin stating that the Plaintiff never confirmed the reservation with the hotel (R. Doc. 46-20) and an affidavit from the listed court reporting service saying that they were never contacted (R. Doc. 46-21). Feeling that this behavior by Plaintiff amounts to misconduct, the Defendant filed the instant motion for sanctions.

In response, the Plaintiff argues that it has not engaged in misconduct during the discovery process. R. Doc. 48. First, in terms of the Gautreaux depositions, the Plaintiff argues that they have tried on a number of occasions to have the Gautreaux's deposition taken and that the Gautreaux's themselves have been non-cooperating. *Id.* at p. 1. In terms of the Hoffman deposition, the Plaintiff argues that any assertion that they did not intend to proceed with the deposition are unfounded as demonstrated by an email confirming the Plaintiff's cancellation of the space on May 11. *Id.* at 2-3. The Plaintiff also argues that it had requested Hoffman's report on May 9, 2016 rather than May 11, 2016.

## II.     Standard of Review

Federal Rule of Civil Procedure 30(g) permits a Court to impose reasonable expenses on a party who notices a deposition but fails to: "attend and proceed with the depositions; or…serve a subpoena on a nonparty deponent, who consequently did not attend." *See, e.g., Fino v. McCollum Min. Co.*, 93 F.R.D. 455, 459 (N.D. Tex. 1982). "In deciding a Motion for Sanctions, the court should consider all the circumstances, such as whether the failure was inadvertent or in bad faith,

when setting proper sanctions." *Barrett v. Brian Bemus Auto World*, 230 F.R.D. 535, 537 (N.D. Ill. 2005). Finally, Rule 30(g) "contemplates the recovery of expenses associated with actual attendance at a cancelled deposition, such as attorney's fees and those associated with travel, such as hotel, airfare, and car rental expenses." *Ewing v. Flora*, No. 14-cv-2925, 2015 WL 12564224, at *2 (S.D. Cal. Dec. 28, 2015) (citing *Albee v. Continental Tire North America, Inc.*, 780 F. Supp.2d 1005, 1013 (E.D. Cal. 2011)).

### III.   Analysis

Here, the Defendant seeks sanctions imposed on the Plaintiff for the failure to provide Mr. and Mrs. Gautreaux for a deposition as well as the cancelled deposition of Hoffman. R. Doc. 46. As an initial matter, it does not appear that Rule 30(g) contemplates an imposition of costs or sanctions against the Plaintiff for the failure to secure the deposition of the non-party Gautreauxs. The Court also does not find that an imposition of costs or other sanctions under the Court's inherent power to sanction to be appropriate. While the Plaintiff agreed to secure the Gautreaux's deposition, the Plaintiff was not ordered to do so and the evidence provided demonstrates that the Gautreauxs have been less that cooperative. Such conduct does not amount to the required level of misconduct for sanctions to be imposed under the Court's inherent power. *See Goldin v. Bartholow*, 166 F.3d 710, 72-23 ("Moreover, the standard for the imposition of sanctions using the court's inherent powers is extremely high. The court must find that the very temple of justice has been defiled by the sanctioned party's conduct."). Nonetheless, the Court orders the Plaintiff to subpoena the Gautreauxs for their depositions for January 9, 2016 at 2:00 P.M. to take place in the undersigned's courtroom.

Turning to the Hoffman deposition, the Court grants the Defendant's request for reasonable costs. Plaintiff's counsel appears to have noticed the deposition and cancelled that deposition on the eve of the deposition. R. Doc. 46-16; R. Doc. 48-2, p. 36. While the Plaintiff's counsel appears

to argue that the cancellation was justified because the Defendant did not produce an expert report (R. Doc. 48, p. 2), it appears that the Defendant's expert report was not due at that time. R. Doc. 13, p. 2 (Court's scheduling order setting Defendant's expert report deadline for May 16, 2016). Moreover, particularly when it is not due at that time, a non-produced report does not justify cancellation on the eve of a deposition. *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 593 n.12 (S.D. Tex. 2011); *Edmonds v. Seavey,* 379 F. Appx. 62, 64 (2d Cir.2010) (holding that plaintiff's counsel's cancellation of the witness's deposition was done in retaliation for defendants' purported "obstructions in the discovery process," and "the proper course would have been to proceed with the deposition"); *see also Barrett v. Brian Bemis Auto World,* 230 F.R.D. 535, 536 (N.D.Ill.2005) (holding that the cancellation of plaintiff's expert's deposition was unwarranted despite defendant's representations that he needed the requested documents to prepare for the deposition; "at the very least, counsel should have started the deposition on the topics she was prepared for ...").

As such, under the Rule 30(g)(1) the Defendant is entitled to reasonable expenses, including as attorney's fees. The Court orders the Defendant to file a motion to fix costs and attorney's fees so that the Court can determine the reasonable expenses.

### IV.   Recommendation

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Sanctions (R. Doc. 46)** is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Defendant's motion is **DENIED** to the extent that the Defendant seeks sanctions connected to the depositions of Scott and Nicole Gautreaux.

**IT IS FURTHER ORDERED** that the Defendant's motion is **GRANTED** to the extent that the Defendant seeks sanctions connected to the deposition of Mark Hoffman.

**IT IS FURTHER ORDERED** that the Defendant is awarded reasonable expenses associated with the cancellation of Mark Hoffman's deposition. Those expenses are to be paid for by Plaintiff's counsel.

**IT IS FURTHER ORDERED** that the Defendant Ford Motor Company shall file a motion to fix attorney fees and costs into the record by **December 21, 2016,** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **December 27, 2016**. The motion shall be set for hearing on **January 4, 2016**, to be heard without oral argument.

**IT IS FURTHER ORDERED** that **Motion to Continue Hearing (R. Doc. 52)** is **DENIED.**

New Orleans, Louisiana, this 8th day of December 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**