UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LIBERTY MUTUAL FIRE**                                    **CIVIL ACTION**
**INSURANCE COMPANY**

**VERSUS**                                                                             **NO: 15-5987**

**FORD MOTOR COMPANY, ET AL**                   **SECTION: "R" (4)**

**ORDER AND REASONS**

Before the Court is a **Motion to Fix Attorney's Fees and Costs** (**R. Doc. 56**) filed by Defendant Ford Motor Company seeking an order from the Court to fix the attorneys' fees and costs in the amount of $4,722.91. The motion is opposed. R. Doc. 57. The motion was submitted on January 4, 2017.

**I.**     **Background**

On December 9, 2016, the Court granted in part the Defendant's Motion for Sanctions (R. Doc. 46) finding that the Defendant was entitled to attorney's fees and costs under Federal Rule of Civil Procedure 30(g)(1) because the Plaintiff's attorney unilaterally cancelled the noticed deposition of Mark Hoffman on the eve of the deposition date. R. Doc. 55, p. 5. As part of that order, the Court ordered that the Defendant file a motion to fix attorney's fees and costs. *Id.* at p. 6. The Defendant thereafter filed the subject motion on December 20, 2016 requesting $3,280.00 in attorney's fees and $1,442.91 in expenses for a total of $4,722.91. The Plaintiff has opposed the Defendant's fee request, arguing that the Defendant has not shown that the costs are reasonable. R. Doc. 57. Additionally, the Plaintiff argues that the Defendant's attorney's fees request is dubious because the Defendant has asked for an increased amount of attorney's fees from the initial motion and has presented a different timesheet than the one originally presented. *Id.* at p. 2-3.

## II. **Standard of Review**

After the Court has determined that an imposition of costs is appropriate, Federal Rule of Civil Procedure 30(g) "contemplates the recovery of expenses associated with actual attendance at a cancelled deposition, such as attorney's fees and those associated with travel, such as hotel, airfare, and car rental expenses." *Ewing v. Flora*, No. 14-cv-2925, 2015 WL 12564224, at *2 (S.D. Cal. Dec. 28, 2015) (citing *Albee v. Continental Tire North America, Inc.*, 780 F. Supp.2d 1005, 1013 (E.D. Cal. 2011)).

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by "… the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, "...provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended", and

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

### III.    Reasonable Hourly Rate

The "appropriate hourly rate. . .is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir.2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

The Defendant has stated that the hourly rate of its attorney Scott A. Richman is $205.00. This rate is reasonable given that Mr. Richman has roughly seventeen (17) years of experience. *See, e.g., EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $300 for an attorney with 10 years of experience and $275 for an attorney with 7 years of experience as well as collecting cases showing hourly rates of $275 for seven years of experience). Moreover, the Defendant has provided an affidavit from another attorney attesting to the reasonableness of the rate and its equivalence to prevailing market rates. R. Doc. 56-2, p. 2-3. Moreover, the Plaintiff has not

opposed the rate. As such, the Court finds that the hourly rates of $205 for Scott Richman is reasonable.

### IV.     **Hours Reasonably Spent on Litigation**

Next, the court must determine what hours of time were reasonably expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id.*

The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

Here, the Defendant has provided a billing statement that indicates Richman billed a total of sixteen (16) hours. R. Doc. 56-4, p. 1. Upon review of the billing statement and the Defendant's request for fees, the Court finds no evidence that Richman has exercised billing judgement by excluding hours that might have been unnecessary, excessive, or redundant because the Defendant

4

has requested every hour that Richman billed. *Compare* R. Doc. 56-4, p. 1 *with* R. Doc. 56-1, p. 2-4. As such, the Court has conducted a line-by-line analysis of the billed hours. Upon review of the billing sheet, the Court has the following concerns.

First, the Defendant nor Richman's billing statement has differentiated between time traveled from time spent in other, more meaningful preparation. Indeed, the Defendant's motion states that the travel time from Orlando to Detroit was included in the seven (7) total hours billed for the May 11, 2016 entry. R. Doc. 56-1, p. 2. Moreover, the return travel from Detroit to Orlando was included in the May 12, 2016 entry. *Id.* Note, "attorney travel time is typically compensated at 50% of the reasonable hourly rate." *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *4 (citing *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir.1993)). From the Court's review of Richman's flight time (R. Doc. 56-4, p. 3) as well as the distance of Richman's hotel (R. Doc. 56-4, p. 2) from the Detroit airport, the Court has determined that roughly three (3) hours of travel were included in each entry. Therefore, six (6) of these hours will be charged at half of the reasonable rate.

Additionally, the initial May 11, 2016 and the initial May 12, 2016 entries strike the Court as impermissible block billing. Block Billing is "time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07–1201, 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009) (citing *Robinson v. City of Edmond*, 160 F.3d 1275, 1283, n. 9 (10th Cir.1998)). "This practice makes it impossible for the Court to determine the reasonableness of the hours spent on each task." *Id.* When presented with such block billing before, this Court has found a reduction in the amount of hours awarded to be appropriate. *See High-Tec Elc., Inc. of Delaware v. T&B Constr. & Elec. Serv., Inc.*, 2016 WL 3952089 at *3 (E.D. La. July, 22 2016) (Roby, M. J.) (reduction of 20%); *Harris v. Allstate Ins. Co.*, 2009 WL 86673, at *3 (E.D. La. Jan. 12, 2009)

(Roby, M. J.) (reduction of 25% ); *Canon U.S.A., Inc.*, 2009 WL 35334, at *5 (Roby, M. J.) (reduction of 25%); *Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F.Supp.2d 279 (E.D. La. 2008) (Roby, M. J.). Here, the initial May 11, 2016 lumps together preparation, attendance, and further preparation of the witness for the deposition with no distinction as to the time spent on each task. Further, the initial May 12, 2016 entry states three hours—once the travel time is removed—for attending the deposition. However, the deposition itself only lasted for two minutes. R. Doc. 46-23. As such, this entry is also likely another instance of block billing with multiple tasks lumped into the one entry. As such, the Court will further reduce these entries by twenty-five (25) percent in addition to the three hour reduction for travel discussed above. As such, the Court only awards 3 hours for the initial May 11, 2016 entry and 2.25 hours of the initial May 12, 2016 entry at the full reasonable rate.

For the other entries, the Court sees no issues with either block-billing or the amount of time spent on tasks. The Defendant has properly itemized the time spent on each discrete task. R. Doc. 56-4, p. 1. The Plaintiff opposes the hours spent traveling to the deposition as unnecessary. R. Doc. 57. However, the Court does not find an attorney's decision to attend a properly noticed deposition in person as opposed to attending by telephone or video to be unreasonable.

Finally, the Plaintiff argues that the Defendant has now asked for more attorney's fees than was originally asked. R. Doc. 57, p. 3. Indeed, in the Defendant's original motion for sanctions, the Defendant requested a total of thirteen (13) hours. R. Doc. 46-24, p. 15. In the subject motion, the Defendant has requested an additional three (3) hours for a total of sixteen (16) hours. R. Doc. 56-4, p. 1. The Defendant has also supplied an updated billing statement from the original motion for sanctions. Having reviewed the updated billing sheet, as detailed above, the Court has

determined what hours requested in the instant motion are reasonable and has made adjustments where appropriate.

As such, the Court finds that the reasonable hours expended by the Defendant's attorney Scott Richman to be 8.25 hours at the reasonable rate and 6 hours at half the reasonable rate for travel.

### V. *Lodestar* Calculation

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each firm as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---:|---:|---:|
| Scott Richman | $205.00 | 8.25 | $1,691.25 |
| | $102.50 | 6.00 | $615.00 |
| | | | $2,306.25 |

The total *Lodestar* amount then is $2,306.25.

### VI. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing Walker v. U.S. Department of Housing and Urban Development, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc.,

135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

### VII. Expenses

The Defendant has additionally requested $1,442.91 in expenses associated with the deposition. R. Doc. 56-1, p. 3. In particular, the Defendant requests: $1,142.20 for airline tickets; $86.53 to rent a car; $7.53 for fuel; $70.99 for meals; and $135.66 for hotel. *Id.* As noted above, these expenses are properly awarded in connection sanctions under Rule 30(g)(1). *Ewing*, 2015 WL 12564224, at *2. After review, the Court finds these expenses reasonable and will award them. As such, the Court will award a total of $1,442.91 to the Defendant for expenses.

### VIII. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Fix Attorney's Fees and Costs (R. Doc. 56)** is **GRANTED**. Defendant Ford Motor Company is awarded reasonable attorney's fees of $2,306.25 and expenses of $1,442.91 for a total amount of **$3,749.16.**

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall satisfy their obligation to Defendant no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 6th day of January 2017.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**