UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 15-5987 |
| FORD MOTOR COMPANY | SECTION "R" (4) |

## ORDER AND REASONS

Plaintiff Liberty Mutual Fire Insurance alleges that Defendant Ford Motor Company's defective product caused a house fire.[1] Ford moves for summary judgment on grounds that plaintiff Liberty Mutual Fire Insurance Company has failed to present evidence showing that Ford's product caused the fire.[2] Because Liberty Mutual presents no evidence on the issue of causation, the Court grants Ford's motion.

### I.  BACKGROUND

On May 26, 2015, Liberty Mutual sued Ford in the 24th Judicial District Court for the Parish of Jefferson.[3] In its complaint, Liberty Mutual

---

[1]  R. Doc. 1.
[2]  R. Doc. 62.
[3]  R. Doc. 1-1.

alleges that it issued an insurance policy to Scott Gautreaux.[4] Liberty Mutual further alleges that Gautreaux's 2000 Ford Expedition caused a fire that damaged Gautreaux's home, that Liberty Mutual paid insurance proceeds to Gautreaux, and that, as a result, Liberty Mutual is subrogated to Gautreaux's rights arising out of the fire.[5]

Ford now moves for summary judgment on the issue of causation.[6] In support, Ford asserts that Liberty Mutual has failed to identify any expert witnesses or produce an expert witnesses report.[7]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta &*

---

[4]  *Id.* at 2.
[5]  *Id.* at 2-3.
[6]  R. Doc. 62.
[7]  *Id.*

2

*Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by

3

merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

Liberty Mutual alleges that Gautreaux's 2000 Ford Explorer was defective and damaged Gautreaux's home. Liberty Mutual brings its claims under Louisiana law.[8] In Louisiana, the Louisiana Products Liability Act (LPLA) provides the exclusive remedy against a manufacturer for damages caused by its product. La. Stat. Ann. § 9:2800.52. A plaintiff may not recover under any theory of liability that is not set forth in the LPLA. *Id.*; *Stahl v.*

---

8    R. Doc. 1.

4

*Novartis Pharm. Corp.*, 283 F.3d 254, 261-62 (5th Cir. 2002). The statute provides that a manufacturer "shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La. Stat. Ann. § 9:2800.54(A). Accordingly, a successful LPLA claim encompasses four elements:

> (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

*Ayala v. Enerco Grp., Inc.*, 569 F. App'x 241, 246 (5th Cir. 2014) (quoting *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 260–61 (5th Cir. 2002)). Ford asserts that Liberty Mutual cannot meet its burden on defect or causation. Pretermitting the defect issue, Ford is correct that Liberty Mutual has provided no evidence on causation.

In support of its opposition motion, Liberty Mutual attaches several recall notices relating to the speed control deactivation switch.[9] Putting aside whether this evidence could even be sufficient on the issue of defect, it

---

9    R. Doc. 69-2.

is certainly not evidence of causation. Liberty Mutual points to no other evidence tending to show that Gautreaux's Ford Explorer—by way of the speed control deactivation switch or any other mechanism—caused the house fire in question. And Liberty Mutual certainly does not provide the expert testimony that courts have repeatedly ruled is necessary to support a claim that a defective speed control deactivation switch caused a fire. *See, e.g., Shelter Ins. Co. v. Ford Motor Co.*, No. 03-150, 2006 WL 318821, at *4 (N.D. Miss. Feb. 9, 2006) ("In this case, an expert is needed to demonstrate that with a reasonable scientific certainty, the subject switch actually caused the subject fire."); *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 205 (Tex. App. 2008) ("Expert testimony was required to establish the SCDS was the cause-in-fact of the fire.").

Finally, to the extent Ford seeks to rely on *res ipsa loquitur*,[10] this attempt fails. Ford's expert has raised Gautreaux's aftermarket stereo system as a potential cause of the fire. This reasonable alternative hypothesis, precludes resort to *res ipsa*. *See Arant v. Wal-Mart Stores, Inc.*, 628 F. App'x 237, 240 (5th Cir. 2015) ("Because reasonable hypotheses as to other causes of the [product]'s failure remain, [plaintiff] can not avail himself of *res ipsa loquitur*.").

---

10    R. Doc. 1-1 at 4.

6

Because Liberty Mutual presents no evidence supporting its causation theory, it has failed to "make a showing sufficient to establish the existence of an element essential to [it]'s case, and on which [it] will bear the burden of proof at trial." *Little*, 37 F.3d at 1075. Accordingly, the Court grants summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Ford Motor Company's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this __14th__ day of March, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE